IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **NAVIGATORS SPECIALTY INSURANCE COMPANY,** § § § | |
| *Plaintiff,* § § | |
| v. § § | CIVIL ACTION NO. 4:19-cv-1304 |
| § § | |
| **FIRST MERCURY INSURANCE COMPANY,** § § § § | |
| *Defendant.* § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**COMES NOW**, Plaintiff Navigators Specialty Insurance Company ("Navigators") complaining of Defendant First Mercury Insurance Company ("First Mercury") pursuant to 28 U.S.C. §§ 1332 and 2201, and would show the Court the following:

### I.
### Introduction

1. This is a lawsuit concerning the defense obligations of First Mercury under certain insurance policies providing coverage

2. for Navigators' insured, Cambridge Builders & Contractors, LLC ("Cambridge") in the lawsuits styled *Archstone Memorial Heights Villages I, LLC v. Cambridge Builders, LLC, et. al;* Cause No. 2015-21583; In the 270th Judicial District Court of Harris County, Texas ("Memorial Heights") and *Archstone North Braeswood, L.P. v. Cambridge Builders, LLC, et al*, No. 2016-40769; In the 11th District Court, Harris County, TX ("Braeswood"). Navigators seeks

recovery as subrogee of Cambridge, and in its own right. Navigators seeks recovery for attorney's fees and costs it incurred defending Cambridge against the claims raised in the Memorial Heights and Braeswood lawsuits. Navigators also seeks a declaratory judgment regarding First Mercury's obligations under several relevant policies of insurance that it issued.

3. Plaintiff Navigators provided commercial general liability insurance coverage to Cambridge under policy number GA13CGL113693IC, which was effective from October 4, 2013 to October 4, 2014 and was subsequently renewed.

4. Defendant First Mercury also issued commercial general liability policies of insurance to Cambridge, including policy number NJCGL-0000018613-01 effective 10/17/2012 to 10/17/2013, which provided coverage for Cambridge against the claims asserted in both the Memorial Heights and the Braeswood lawsuits. Although First Mercury acknowledged its defense obligation in both lawsuits, it failed to pay its share of fees and expenses incurred in Cambridge's defense of these lawsuits.

4. First Mercury also issued insurance policies to some of the sub-contractors on the Memorial Heights project, namely East Coast Roofing and Tower Steel. First Mercury insured East Coast Roofing under policy number MI-CGL-0000008989-01, which was effective 4/9/2012 to 4/9/2013 and renewed for a number of years thereafter. First Mercury insured Tower Steel under policy number TX-CGL-0000001937-01, effective 12/28/2012 to 12/1/2013, and renewed thereafter. Both East Coast Roofing and Tower Steel had entered into indemnity agreements with Cambridge whereby East Coast Roofing and Tower Steel agreed to defend and indemnify Cambridge. Cambridge is an additional insured on the East Coast Roofing and Tower Steel policies. These policies provide coverage to Cambridge on a primary basis. Thus, the

coverage provided by the East Coast Roofing and Tower Steel policies was primary to the coverage provided by the Navigators commercial general liability policies.

5. First Mercury agreed to defend Cambridge under the East Coast Roofing policy. Despite its agreement to do so, First Mercury failed to pay the defense costs and expenses incurred, leaving Navigators, who had also agreed to defend Cambridge, with the burden of paying Cambridge's defense fees and expenses, although these obligations were rightfully owed by First Mercury.

6. Under the Tower Steel policy, First Mercury agreed to defend and indemnify Cambridge and participated in Cambridge's defense. On or about September 14, 2017, Tower Steel, with First Mercury's approval, entered into a settlement agreement with Cambridge regarding Cambridge's claims for additional insured coverage under the Tower Steel policy. Despite the agreement to pay a sum certain towards Cambridge's defense costs, First Mercury, on behalf of Tower Steel, has not paid the sums agreed to under the settlement agreement. When Navigators asked First Mercury to pay defense fees pursuant to the settlement agreement, First Mercury stated that it was reviewing the status of its payments. Now, over a year later, First Mercury still has not satisfied Tower's Steel's obligation under the settlement agreement.

7. First Mercury also acknowledged an obligation to defend Cambridge in the Braeswood lawsuit under the primary policy of insurance First Mercury issued to Cambridge. However, like in Memorial Heights, First Mercury has failed to pay its share of Cambridge's defense fees and expenses, leaving Navigators to shoulder the burden for these fees and expenses even though First Mercury should be, at a minimum, contributing equally with Navigators.

8. Defendant First Mercury's failure to pay for Cambridge's defense, despite its agreement to do so, has caused damages to Navigators, for which Navigators now sues.

Navigators has paid a significant amount of attorney's fees and expenses in defending Cambridge in both the Memorial Heights and Braeswood lawsuits. Navigators seeks recovery of the fees and costs it incurred defending Cambridge because these expenses should have been paid, in whole or in part, by First Mercury.

9. Besides the fees and costs that Navigators has already paid in the Memorial Heights and Braeswood lawsuits, additional defense fees and expenses remain outstanding. With regard to the outstanding fees and expenses, Navigators seeks a declaration regarding First Mercury's obligation to pay these defense fees and expenses.

## II.
## Parties

10. Navigators Specialty Insurance Company is a New York corporation with its principal place of business at One Penn Plaza, 32nd Floor, New York, NY 10119.

11. Defendant First Mercury is an insurance company formed under the laws of Delaware, with its principal place of business located at 1209 N. Orange Street, Wilmington, Delaware 19801-1120. First Mercury may be served via the Commissioner of Insurance at 333 Guadalupe, MC 113-2A, P.O. Box 149104, Austin, Texas 78714-9104.

## III.
## Jurisdiction and Venue

12. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is a complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 124(b)(7) and 1391(b) in that all or a significant part of the acts or omissions giving rise to this claim occurred in this judicial district and division.

## IV.
## The Underlying Lawsuits

**<u>Memorial Heights</u>**

14.     The Memorial Heights lawsuit arises out of alleged construction defects that occurred during the construction of the Archstone Memorial Heights Village apartment complex, located at 225 South Heights Boulevard in Houston, Texas.

15.     Cambridge served as the general contractor on the project. The work of several sub-contractors was also implicated in the lawsuit as being defective, and a significant portion of the property owner's complaints stemmed from work performed by subcontractors East Coast Roofing and Tower Steel. First Mercury insured both East Coast Roofing and Tower Steel.

16.     East Coast Roofing and Tower Steel had entered into contracts with Cambridge whereby they agreed to defend and indemnify Cambridge against claims such as those asserted in the Memorial Heights lawsuit. East Coast Roofing and Tower Steel also agreed to name Cambridge as an additional insured under their commercial general liability policies and to provide coverage to Cambridge on a primary basis.

17.     First Mercury, as the insurer for East Coast Roofing and Tower Steel, agreed to defend Cambridge in the Memorial Heights litigation, and agreed to utilize the services of attorney Cynthia Tarle. First Mercury agreed that the additional insured coverage provided to Cambridge under the East Coast Roofing and Tower Steel policies was primary to the coverage provided by Cambridge's CGL carrier(s).

18.     Despite agreeing to defend Cambridge as an additional insured, First Mercury, as the insurer of East Coast Roofing, failed to pay its share of defense fees and costs incurred in the Memorial Heights lawsuit. First Mercury currently owes approximately $900,000.00 in defense

fees and costs in the Memorial Heights lawsuit. Despite repeated demands from Navigators that First Mercury pay the amounts it owes, First Mercury has failed to do so.

19. Besides the additional insured coverage provided under the East Coast Roofing and Tower Steel policies, Cambridge was also insured under its own commercial general liability policies issued by Navigators and First Mercury. Both Navigators and First Mercury acknowledged a duty to defend Cambridge in the Memorial Heights suit. Navigators retained attorney Cynthia Tarle, and actively participated in Cambridge's defense. First Mercury, who upon information and belief, never issued a letter reserving its rights to disclaim coverage, agreed to participate in Cambridge's defense and also agreed to utilize the services of attorney Cynthia Tarle.

20. While it is Navigators' position that the additional coverage provided by First Mercury under the East Coast Roofing policy is primary to any coverage provided by Navigators under its CGL policy, in the unlikely event the Court determines that the East Coast Roofing policy does not provide primary coverage to Cambridge, First Mercury, as Cambridge's general liability carrier, is obligated to share Cambridge's defense fees and costs equally with Navigators.

21. To date, Navigators has paid over $400,000 in defense fees, while First Mercury, despite its equal obligation to provide Cambridge with a defense, has paid approximately $33,000 in fees and costs. In addition, there are approximately $500,000 in fees and expenses that are still owed to defense counsel, expert witnesses, and other third-party vendors who assisted in Cambridge's defense. First Mercury has an obligation to pay these outstanding defense bills as well.

**Braeswood**

22. The Braeswood lawsuit arises out of alleged construction defects that occurred during construction of the Archstone Toscano apartment complex, located at 2900 North Braeswood Boulevard in Houston, Texas.

23. Like Memorial Heights, Cambridge served as the general contractor on the project.

24. Navigators and First Mercury both provided commercial general liability insurance coverage to Cambridge effective for the time periods implicated by the allegations in the Braeswood lawsuit.

25. Both Navigators and First Mercury agreed to defend Cambridge. Navigators retained attorney Cynthia Tarle to provide Cambridge's defense, while First Mercury attempted to retain an attorney at the Royston Rayzor firm that had a conflict with regards to Cambridge's representation. Several months into the litigation, First Mercury abandoned its attempt to retain the Royston Rayzor firm, and notified Navigators that it was retaining the services of attorney Michael McCoy as "monitoring counsel." Although Mr. McCoy contacted attorney Tarle regarding the Braeswood suit and confirmed that he was retained as "monitoring counsel," neither Mr. McCoy nor anyone at First Mercury would provide either Ms. Tarle or Navigators with any clarification as to what Mr. McCoy's exact role in the litigation would be.

26. While Mr. McCoy was regularly advised of the status of the Braeswood lawsuit, at no time did Mr. McCoy ever participate in Cambridge's defense of the Braeswood suit. Mr. McCoy's very limited participation in the lawsuit did not satisfy First Mercury's obligation to defend Cambridge because Mr. McCoy never participated in any written discovery, depositions, expert evaluations, pleadings, motion practice, or any other facet of providing Cambridge with a

defense. At all times, Mr. McCoy's participation in the Braeswood lawsuit was consistent with that of coverage counsel for First Mercury. Mr. McCoy provided no services that furthered the cause of defending Cambridge against the property owner's construction defect claims against it.

27. First Mercury, upon information and belief, never issued a reservation of rights letter to Cambridge regarding the Braeswood suit.

28. Like Memorial Heights, some sub-contractors whose work was implicated in the project owed Cambridge a defense against the plaintiff's claims pursuant to additional insured provisions included in the contracts between the sub-contractors and Cambridge. The carriers for these sub-contractors have since settled all of Cambridge's additional insured claims.

29. Despite the settlements between Cambridge and these sub-contractors, which First Mercury agreed to, a significant amount of defense fees and costs remained. Navigators has paid over $100,000 of the remaining fees and costs. First Mercury has paid approximately $33,000 of these expenses, even though it shares an equal obligation with Navigators to pay for Cambridge's defense. There are approximately $60,000 in defense costs and fees that are still owed to defense counsel, expert witnesses, and other third-party vendors that assisted in Cambridge's defense. Further, First Mercury owes an equal obligation with Navigators to pay Cynthia Tarle's defense fees because Mr. McCoy's participation on First Mercury's behalf did not satisfy First Mercury's defense obligation to Cambridge. Navigators has already paid a significant portion of Ms. Tarle's fees, and is entitled to reimbursement from First Mercury for that portion that First Mercury is obligated to pay.

30. Despite repeated demands that First Mercury pay its share of the defense fees and/or costs incurred in the Braeswood lawsuit, First Mercury has failed to satisfy its obligations.

## V.
## Causes of action against First Mercury in the Memorial Heights lawsuit under the East Coast Roofing Policy

31.     The East Coast Roofing policy provides primary coverage to Cambridge as an additional insured for the claims asserted in the Memorial Heights lawsuit. Even though First Mercury acknowledged its obligation to defend and indemnify Cambridge as an additional insured, First Mercury failed to pay for this defense, despite its contractual obligation and agreement to do so. Navigators has been forced to incur attorney's fees and costs to defend Cambridge in the Memorial Heights lawsuit, and, in addition to the fees and costs paid by Navigators, a substantial amount of other fees and costs remain unpaid.

**A.     Breach of Contract**

32.     The failure of First Mercury to pay for Cambridge's defense when it was obligated to do so, and after it committed to providing such a defense, constitutes both a breach of the East Coast Roofing policy and a breach of First Mercury's agreement to defend Cambridge as an additional insured. Thus, Navigators, as subrogee of Cambridge, stands in Cambridge's shoes to the extent Navigators has incurred costs that should rightfully be borne by First Mercury.

33.     Navigators, as subrogee of Cambridge, is entitled to a determination that by failing to defend Cambridge, First Mercury has breached its insurance contract. As a result of this breach, Navigators has incurred damages in the form of the defense fees and costs paid to date, which should have been rightfully borne by First Mercury under the East Coast Roofing policy.

34. Navigators, as subrogee of Cambridge, is also entitled to a determination that by failing to defend Cambridge, First Mercury has breached its agreement to defend Cambridge. As a result of this breach, Navigators has incurred damages in the form of the defense costs and fees paid to date, which should have been rightfully borne by First Mercury under the East Coast Roofing policy.

**B.    Declaratory Judgment**

35. Navigators is entitled to a judicial declaration under Fed. R. Civ. P. 57 that First Mercury had a duty to defend Cambridge on a primary basis under the East Coast Roofing policy against the claims raised in the Memorial Heights lawsuit, both based upon the terms of the East Coast Roofing policy and based upon First Mercury's agreement to participate in Cambridge's defense. Navigators seeks a declaration that First Mercury is obligated to pay all remaining unpaid defense costs and fees, which were incurred in Cambridge's defense.

**VI.**
**Causes of action against First Mercury in Memorial Heights under the Cambridge Policy**

36. First Mercury issued a commercial general liability policy to Cambridge providing coverage for claims such as those asserted in the Memorial Heights litigation. Even if the Court determines that First Mercury's coverage under the East Coast Roofing policy is not primary to that provided by Navigators, First Mercury still owes an obligation to provide Cambridge with a defense against the Memorial Heights lawsuit under the insurance policy First Mercury issued to Cambridge.

37. First Mercury, at a minimum, shares any defense obligation equally with Navigators. First Mercury acknowledged a defense obligation under the policy it issued to Cambridge, and agreed to participate in the defense, however, First Mercury has failed to pay its

share of defense fees and costs. Navigators has been forced to pay not only its own share, but a substantial portion of First Mercury's share.

38. Besides the fees and costs paid by Navigators, a substantial amount of additional fees and costs remain unpaid, and for which First Mercury is responsible.

**A. Breach of Contract**

39. The failure of First Mercury to pay for Cambridge's defense when it was obligated to do so, and after it committed to providing such a defense, constitutes a breach of First Mercury's insurance contract, and the breach of its agreement to defend Cambridge. Thus, Navigators, as subrogee of Cambridge, stands in Cambridge's shoes to the extent Navigators has paid defense fees and costs that should rightfully be borne by First Mercury.

40. Navigators, as subrogee of Cambridge, is entitled to a determination that by failing to pay for Cambridge's defense, First Mercury has breached its insurance contract. As a result of this breach, Navigators has incurred damages in the form of the defense fees and costs it paid to date, which should have been rightfully borne by First Mercury.

41. Navigators, as subrogee of Cambridge, is also entitled to a determination that by failing to pay for Cambridge's defense, First Mercury has breached its agreement to defend Cambridge. As a result of this breach, Navigators has incurred damages in the form of the defense fees and costs it paid to date, which should have been rightfully paid by First Mercury.

**B. Declaratory Judgment**

42. Navigators seeks a judicial declaration under Fed. R. Civ. P. 57 that First Mercury has a duty to defend Cambridge against the claims raised in the Memorial Heights lawsuit, both based upon the terms of its policy and based upon its agreement to participate in the defense. Navigators seeks a declaration that First Mercury is obligated to pay its portion of the defense

fees and costs that remain outstanding in the Memorial Heights lawsuit, as well as reimbursement for fees and expenses that Navigators has already paid, which should have been borne by First Mercury.

## VII.
## Causes of action against First Mercury in Memorial Heights under the Tower Steel Policy

43. The insurance policy First Mercury issued to Tower Steel provided primary coverage to Cambridge as an additional insured. First Mercury acknowledged its obligation to defend and indemnify Cambridge as an additional insured under this policy. Tower Steel and Cambridge entered into a settlement agreement regarding Cambridge's additional insured claims. In this settlement agreement, Tower Steel, with First Mercury's approval, agreed to pay a sum certain towards Cambridge's defense fees and costs. Despite the existence of this settlement agreement, First Mercury has not paid the full amount due thereunder. And despite numerous requests from Navigators that First Mercury pay Tower Steel's balance, First Mercury has failed to fully fund its obligation. First Mercury owes in excess of $40,000 under the settlement agreement Tower Steel entered into with Cambridge.

44. To the extent Navigators paid the sums Tower Steel, with First Mercury's approval, agreed to pay towards Cambridge's defense fees and costs, Navigators, as subrogee of Cambridge, is entitled to a judgment against First Mercury for the sums Navigators paid that were owed by First Mercury. With regard to any fees that remain unpaid, Navigators is entitled to a judicial declaration under Fed. R. Civ. P. 57 that First Mercury, as insurer of Tower Steel, has breached the terms of its policy by failing to fully pay the amounts owed under the September 14, 2017 settlement agreement.

B

## VIII.
## Causes of action against First Mercury in Braeswood under the Cambridge Policy

45. First Mercury issued a commercial general liability policy to Cambridge providing coverage for claims such as those asserted in the Braeswood litigation. First Mercury acknowledged a defense obligation under the policy it issued to Cambridge, however, First Mercury wholly failed to participate in the defense, and has not paid its share of the defense fees and costs incurred in Cambridge's defense. First Mercury owes Cambridge a defense under the terms of its policy.

46. Instead of actively participating in the defense, as is required by the terms of its policy and under Texas law, First Mercury retained Michael McCoy to act as "monitoring counsel." Mr. McCoy never actively participated in Cambridge's defense, but instead acted in the capacity of what can only be described as First Mercury's coverage counsel. Such an involvement does not relieve First Mercury of its obligation to provide Cambridge with a defense, and First Mercury is still obligated to pay the defense fees and costs incurred by attorney Cynthia Tarle, as well as expert witnesses and other third-party vendors who assisted in Cambridge's defense against the allegations in the Braeswood lawsuit.

47. Navigators has been forced to incur attorney's fees and costs to defend Cambridge in the Braeswood lawsuit, and, besides the fees and costs paid by Navigators, a substantial amount of additional fees and costs remain unpaid.

A. **Breach of Contract**

48. The failure of First Mercury to assume Cambridge's defense when it was obligated to do so, and after it committed to providing such a defense, constitutes a breach of First Mercury's insurance contract and a breach of its agreement to defend Cambridge. Thus,

Navigators, as subrogee of Cambridge, stands in Cambridge's shoes to the extent Navigators has paid defense fees and costs that should rightfully be borne by First Mercury.

49. Navigators, as subrogee of Cambridge, is entitled to a determination that by failing to defend Cambridge, First Mercury has breached its insurance contract. As a result of this breach, Navigators has incurred damages in the form of the defense fees and costs paid to date, which should have been rightfully borne by First Mercury.

50. Navigators, as subrogee of Cambridge, is also entitled to a determination that by failing to defend Cambridge, First Mercury has breached its agreement to defend Cambridge. As a result of this breach, Navigators has incurred damages in the form of the defense fees and costs paid to date, which should have been rightfully borne by First Mercury.

**B. Declaratory Judgment**

51. Navigators seeks a judicial declaration under Fed. R. Civ. P. 57 that First Mercury has a duty to defend Cambridge against the claims raised in the Braeswood lawsuit, both based upon the terms of its policy and based upon its acknowledgement of its duty to defend Cambridge. Navigators seeks a declaration that 1) First Mercury's retention of attorney McCoy did not satisfy its defense obligations; 2) First Mercury is obligated to pay its share of the defense fees and costs that remain outstanding in the Braeswood lawsuit, including fees incurred by the Tarle Law Firm in providing a defense to Cambridge; and 3) First Mercury must reimburse Navigators for its share of fees and expenses that Navigators has already paid, which should have been paid by First Mercury, including fees incurred by the Tarle Law Firm in providing a defense to Cambridge.

## VIII.
## Reservation Regarding Amendment

52. Navigators reserves the right to amend as necessary to add to this action additional claims that may be made against Defendant.

WHEREFORE, PREMISES CONSIDERED, Navigators Specialty Insurance Company, prays that upon trial Navigators recover judgment against First Mercury Insurance Company as follows:

1. A judicial declaration that First Mercury has a duty to defend Cambridge against the claims asserted in the Memorial Heights lawsuit under the East Coast Roofing policy and breached that duty;

2. A judicial declaration that First Mercury breached its agreement to defend Cambridge in the Memorial Heights lawsuit under the East Coast Roofing policy;

3. A judgment against First Mercury for defense fees and costs incurred by Navigators in the Memorial Heights lawsuit that should have been paid by First Mercury under the East Coast Roofing policy;

4. A judicial declaration that First Mercury breached its contract of insurance with Cambridge by its failure pay for Cambridge's defense against the claims raised in the Memorial Heights lawsuit;

5. A judicial declaration that First Mercury breached its agreement to defend Cambridge in the Memorial Heights lawsuit under the policy it issued to Cambridge;

6. A judgment against First Mercury for defense fees and costs paid by Navigators in the Memorial Heights lawsuit that should have been paid by First Mercury under the policy First Mercury issued to Cambridge;

7. A judicial declaration that First Mercury has a duty to defend Cambridge against the claims asserted in the Memorial Heights lawsuit under the Tower Steel policy and breached that duty by failing to fully fund the amount of the settlement agreed to by Tower Steel and Cambridge;

8. A judicial declaration that First Mercury breached its agreement to defend Cambridge in the Memorial Heights lawsuit under the Tower Steel policy;

9. A judgment against First Mercury for defense fees and costs paid by Navigators in the Memorial Heights lawsuit that should have been paid by First Mercury under the Tower Steel policy;

10. A judicial declaration that First Mercury breached its contract of insurance with Cambridge by its failure to pay for Cambridge's defense against the claims raised in the Braeswood lawsuit;

11. A judicial declaration that First Mercury breached its agreement to defend Cambridge in the Braeswood lawsuit under the policy it issued to Cambridge;

12. A judicial declaration that First Mercury breached its contract of insurance by failing to provide Cambridge with a defense under the policy it issued to Cambridge, and that any participation by Michael McCoy in the Braeswood lawsuit did not satisfy First Mercury's defense obligation;

13. A judgment against First Mercury for defense fees and costs paid by Navigators in the Braeswood lawsuit that should have been paid by First Mercury under the policy First Mercury issued to Cambridge;

14. A judicial determination that Navigators be reimbursed by First Mercury for its share of the past attorney's fees and costs incurred by way of Cambridge's defense in the Memorial Heights lawsuit;

15. A judicial determination that Navigators be reimbursed by First Mercury for its share of the past attorney's fees and costs incurred by way of Cambridge's defense in the Braeswood lawsuit;

16. Pre-judgment interest, post-judgment interest, costs of court, and for such other and further relief, at law or in equity, to which Navigators is justly entitled.

Respectfully submitted,

*/s/ Beth D. Bradley*
Beth D. Bradley – Attorney in Charge
Texas Bar No. 06243900
Southern District Bar No. 18053
bethb@tbmmlaw.com
Lori J. Murphy
Texas Bar No. 14701744
Southern District Bar No. 711885
lorim@tbmmlaw.com

**TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP**
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
(214) 665-0100
(214) 665-0199 (fax)
**ATTORNEYS FOR NAVIGATORS SPECIALTY INSURANCE COMPANY**